# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **TOWER CROSSING CONDOMINIUM ASSOCIATION INC.,** | ) ) ) | |
| *Plaintiff,* | ) ) | |
| **v.** | ) ) | Civil Action No. |
| **AFFILIATED FM INSURANCE COMPANY** | ) ) ) ) | **JURY DEMAND** |
| *Defendant.* | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES the Plaintiff, Tower Crossing Condominium Association, Inc., an Illinois not-for-profit corporation, and files its Original Complaint against Defendant, Affiliated FM Insurance Company, and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Tower Crossing Condominium Association, Inc. ("Tower Crossing") is a condominium association and not-for-profit corporation organized under the laws of the State of Illinois.

2. Upon information and belief, Affiliated FM Insurance Company ("AFM") is a Rhode Island insurance company registered with the Illinois Department of Insurance to do business within the state of Illinois and whose headquarters is located at 270 Central Avenue, Johnston, Rhode Island 02919. AFM may be served through its agent for service of process, Director, Illinois Department of Insurance, 320 W. Washington, Springfield, Illinois 62767.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as this matter is one between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this jurisdictional district pursuant to 28 U.S.C. §1391(a)(2)/ §1391(b)(2) because the property that is subject to this matter is located in this district.

## CONDITIONS PRECEDENT

5. All conditions precedent to Tower Crossing's right to recover have been fully performed or have been waived by AFM.

## FACTS GIVING RISE TO THE COMPLAINT

6. On or about July 2, 2019, twenty-seven (27) buildings in a condominium complex located at 1992 Patriot Boulevard, Glenview, IL 60026 (the "Property") sustained severe damage from a wind and hail storm (the "Loss"). The common areas, including the roofs and exterior envelope, of the Property are owned and insured by Tower Crossing.

7. AFM issued a replacement cost All Risk Coverage property damage policy to Tower Crossing, Policy No. ER315, with effective dates of May 1, 2018 to May 1, 2020, that covered the Property against the Loss (the "Policy").

8. After the Loss, Tower Crossing timely filed a claim under the Policy with AFM for damage to the Property (the "Claim").

9. AFM assigned the Claim number 500307.

10. After receiving the Claim, AFM retained Roofing Consultants, Ltd. ("RCL") to investigate the damage.

11. In a report dated September 8, 2020, RCL confirmed that wind and hail damaged the Property on the date of loss.

12. Specifically, RCL found that the metal roof vents had been damaged by hail. RCL also discovered wind-damaged shingles.

13. AFM retained Newman Construction Consulting ("Newman") to prepare a cost estimate to repair the damaged vents, shingles around the vents, and wind-damaged shingles.

14. Newman determined the replacement cost value ("RCV") to repair the roof damage was $203,982.19 as reflected on its estimate dated September 21, 2020.

15. On or about March 2021, Tower Crossing sent a letter notifying AFM that it was not in agreement with the Newman estimate and that it had hired its own independent expert to conduct a review. The letter also requested an extension of time to allow for the independent expert complete the investigation.

16. On July 1, 2021, AFM claims manager Sean Taylor sent a letter to Tower Crossing's community manager FirstService Residential agreeing to an extension of time to file suit up to and including October 2, 2021.

17. On October 1, 2021, Tower Crossing, through its public adjuster Ronald Cooper, submitted a Partial Sworn Proof of Loss ("POL") and other supporting documentation to Taylor and AFM.

18. As stated in the POL, the actual RCV for the Loss is $4,341,149.36.

19. In support of its POL, Tower Crossing submitted a report from SRI Engineering explaining that the shingles are not repairable and that piecemeal shingle repairs (as proposed by AFM) likely could not be performed in a workmanlike manner.

20. On October 29, 2021, Taylor sent a letter to Cooper advising that AFM was not in agreement with the POL as submitted and that it was rejecting the same. The letter also stated that

AFM was not in agreement with the scope of damage being claimed and that RCL determined the shingles are repairable. Taylor suggested a conference call to discuss any questions.

21. On October 30, 2021, Cooper sent an email to Taylor requesting a meeting at the Property with AFM's consultants. Cooper proposed that the parties attempt to perform AFM's proposed piecemeal repairs to a section of the roof. Cooper also requested details regarding the initial settlement offer and the status of any undisputed payments from AFM to Tower Crossing.

22. On November 9, 2021, Taylor sent an email to Cooper rejecting his suggestion that the parties meet at the Property to perform a repair. Taylor also indicated that AFM would be issuing a payment for the undisputed portion of the claim in the amount of $193,982.19.

23. As of the date of this filing, Tower Crossing has not received the undisputed funds.

## CAUSES OF ACTION

### Count 1 - Breach of Contract

24. Tower Crossing restates and re-alleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

25. AFM breached the contract of insurance it had with Tower Crossing.

26. AFM breached the contract by its failure to properly investigate, adjust and pay the Claim for all covered damages as required by the Policy and Illinois law.

27. As a direct result of AFM breaching its insurance contract with Tower Crossing, Tower Crossing has suffered damages in an amount in excess of $75,000, exclusive of interests and costs, in an amount to be proven at trial.

### Count 2 - Violation of Illinois "Bad Faith" Statute[1]

---

[1] See 215 ILCS 5/155

28. Tower Crossing restates and re-alleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

29. As set forth above, AFM failed to act in good faith and has violated numerous Unfair Claims Practices, as set forth in 215 ILCS 5/155.

30. AFM has acted in bad faith, in a vexatious manner, and unreasonably during the purported adjustment of this claim.

31. Among other things, Mid-Century's vexatious and unreasonable conduct includes: (i) "low-balling" the settlement value of the claim and/or underpaying the claim with the intent to deprive Tower Crossing of the value of their replacement cost Policy; (ii) failing to conduct a reasonable investigation of the damage; (iii) misrepresenting that the shingles were repairable; (iv) failing to promptly pay the undisputed amount of the Claim; and (v) unreasonably delaying the payment for the full amount of the Claim.

32. The conduct and actions of AFM, as set forth above, were unreasonable and vexatious, which entitles Tower Crossing to certain extra-contractual damages under Section 155 of the Illinois Insurance Code, which provides in relevant part:

(1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for any unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

   (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

   (b) $60,000;

   (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

5

## ATTORNEYS' FEES

33. Tower Crossing restates and re-alleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

34. Tower Crossing engaged the undersigned attorney to prosecute this lawsuit against AFM and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

35. Tower Crossing is entitled to reasonable and necessary attorneys' fees pursuant to 215 ILCS 5/155, and such other and further relief as this Court deems just and proper.

## JURY DEMAND

36. Tower Crossing demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, Plaintiff, Tower Crossing Condominium Association, Inc., prays that upon final hearing, it recover all damages for and against Defendant, Affiliated FM Insurance Company, that may be reasonably established by a preponderance of evidence; and that Tower Crossing be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Tower Crossing may show itself to be justly entitled.

Dated: November 19, 2021

Respectfully submitted,

/s/ Thomas B. Hodges Jr._____
Thomas B. Hodges Jr.
Gorman Law Group, PLLC
4908 Monument Avenue, Suite 100
Richmond, Virginia 23230
(800) 683-6975
(877) 274-2898 (Fax)
thodges@gormanlawgrp.com

*Counsel for Plaintiff Tower Crossing
Condominium Association, Inc.*